IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REBECCA M. ESKELSON,<br><br>                     Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, in her capacity as Acting Commissioner of the Social Security Administration[1],<br><br>                     Defendant. | MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER<br><br>Case No. 2:12-cv-357-BCW<br><br>Magistrate Judge Brooke Wells |

All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[2]

Plaintiff Rebecca M. Eskelson ("Plaintiff") seeks judicial review of the determination of the Commissioner of the Social Security Administration which denied her applications for Social Security Disability Benefits and Supplemental Security Income. After careful consideration of the written briefs and the administrative record, the Court has determined that oral argument is unnecessary and issues the following Memorandum Decision and Order REVERSING and REMANDING the decision of the Commissioner.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of the Social Security Administration. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. See 42 U.S.C. §405(g)("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); F.R.C.P. 25(d)("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise.")

[2] See 28 U.S.C. §636(c); F.R.CP. 73, docket no. 14.

## BACKGROUND

Plaintiff, Ms. Eskelson, who was born on June 10, 1961,[3] filed an application for Social Security Disability Insurance Benefits (SSDI) and Supplemental Security Income (SSI) on December 14, 2007.[4] In her application for benefits Plaintiff alleged an onset date of disability of January 1, 1988.[5] At the hearing before the ALJ, Plaintiff amended the alleged onset date to December 14, 2007.[6]

Plaintiff contends she is disabled due to a combination of impairments including, back disorder, degenerative joint disease of the knees, sleep apnea, obesity, and depression with dysthymia.[7] Plaintiff's claims were initially denied on May 1, 2008, and upon reconsideration on September 9, 2008.[8] Plaintiff then requested an administrative hearing.[9] A hearing before an Administrative Law Judge ("ALJ") was held on February 17, 2010.[10] On April 29, 2010, the ALJ issued a written decision denying Plaintiff's claim for benefits.[11] Plaintiff then appealed the denial to the Social Security Appeals Council which denied a review of the ALJ's decision on February 10, 2012.[12] Pursuant to 42 U.S.C. § 405(g), this appeal followed.

---

[3] Administrative Record, docket no. 8 [hereinafter referred to as "Tr."] at 28.

[4] Tr. at 21.

[5] Id.

[6] Tr. at 35. While not dispositive to the Court's decision, the Court notes that the ALJ's opinion fails to mention that the alleged onset date was amended at the hearing. Instead, the previous alleged onset date of January 1, 1988 is erroneously mentioned numerous times in the ALJ's opinion. See Tr. at 21, 23, 28, & 29.

[7] Opening Br., docket no. 17 at p. 2.

[8] Tr. at 21, 64-77.

[9] Tr. at 78.

[10] Tr. at 21.

[11] Tr. at 21-30.

[12] Tr. at 1.

In the ALJ's decision, the ALJ found at Step One of the required sequential evaluation process[13] that Plaintiff had not engaged in substantial gainful activity since January 1, 1988, the alleged onset date.[14] At Step Two, the ALJ found that the Plaintiff's severe impairments were (1) degenerative joint disease of the knees; (2) a back disorder; (3) sleep apnea; (4) obesity; (5) and dysthymia.[15] At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments that contained within the regulations.[16]

Next the ALJ found that the Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work except

> [s]he can occasionally climb stairs and ramps, but never ropes, scaffolds, or ladders. She can occasionally squat, bend or stoop, kneel, use foot controls and drive a vehicle. She can frequently reach above shoulder height, push and pull with upper extremities, including the operation of hand controls, turn her arms and wrists [sic] in cross motor manipulations, open and close [her] fists and use her hands and fingers in fine motor manipulations. She is mildly to moderately limited in her capacity to sustain concentration and attention for extended periods, and to deal with normal work related stress. She is mildly limited in her capacity to understand, remember and carry out detailed instructions, exercise judgment, perform duties within a schedule, relate to others, interact appropriately with the general public, get along with co-workers and supervisors.[17]

In making the RFC determination, the ALJ found "…the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of

---

[13] See Grogan v Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(explaining the five-step sequential evaluation process for determining if a claimant is disabled).

[14] See commentary *supra* note 6.

[15] Tr. at 23.

[16] Tr. at 24.

[17] Tr. at 25.

these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."[18]

As to the medical opinions used in making the RFC determination, the ALJ discussed the medical records, findings and opinions of the following medical providers and consultative examiners: Dr. Jennifer Leiser[19], Dr. Jason Poulsen[20], Dr. Leslie Cooper[21], David Erickson, Ph.D[22], Jesse D. Gora, Psy.D[23], and Kimberly Sorensen, Licensed Clinical Social Worker ("LCSW").[24] However, the ALJ only discussed the weight of the opinions of Dr. Leslie Cooper (rejecting the opinion); Dr. Erickson (given "weight of an examining consultative psychologist"); and Kimberly Sorensen, LCSW (not given "much weight").[25]

More specifically, as to the opinion of Plaintiff's treating physician, Dr. Leslie Cooper the ALJ stated the following:

> Dr. Cooper found that claimant could occasionally lift and carry ten pounds, sit in fifteen minute increments, for a total of four hours, but never stand or walk, and therefore could only work four hours of an eight-hour workday. Dr. Cooper also opined that claimant would miss more than four days of work each month due to claimant's impairments. The Administrative Law Judge rejects Dr. Cooper's opinion because the objective evidence fails to indicate physical impairments that would result in such drastic limitations. As indicate[d] above, her x-ray and MRI images show only mild degenerative disc disease and facet osteoarthritis and only a grade 2 anterolisthesis at L-5-S-1. Consequently, claimant can perform substantially more work than indicated by Dr. Cooper.[26]

---

[18] Tr. at 26.

[19] Tr. at 26, 27.

[20] Tr. at 26-27.

[21] Tr. at 27.

[22] Tr. at 27-28.

[23] Tr. at 28.

[24] Tr. at 28.

[25] Tr. 26-28.

[26] Tr. at 27.

As to the opinion of Kimberly Sorensen, LCSW, the ALJ's opinion states the following:

> The Administrative Law Judge is aware and has considered the mental impairment questionnaire responses of Kimberly Sorensen, LCSW (Exhibit 25F). However, the same can not be given much weight in reaching a decision herein, because licensed clinical social workers are not 'acceptable medical sources'….Instead, the opinion of a social worker is considered an 'other source' that 'cannot establish the existence of a medically determinable impairment.' (20 CFR 404.1513(d), 416.913(d) and Social Security Ruling 06-03p).[27]

Thus, the ALJ did not assign any medical opinion "controlling weight."

At Step Four, the ALJ found that Plaintiff had no past relevant work, was a younger individual age 18-49 on the alleged disability onset date, had a high school education and was able to communicate in English.[28] At Step Five, the ALJ found "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform."[29] Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act.[30]

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether his findings are supported by "substantial evidence" and whether the correct legal standards were applied.[31] If supported by substantial evidence, the findings are conclusive and must be affirmed.[32] "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[33] Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being

---

[27] Tr. at 28.

[28] Tr. at 28.

[29] Id.

[30] Tr. at 29.

[31] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); Ruthledge v. Apfel, 230 F.3d 1172, 1174 (10th Cir. 2000); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1993).

[32] Richardson v. Perales, 402 U.S. 389, 401 (1981).

[33] Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).

supported by substantial evidence."[34] Moreover, a decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."[35]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all evidence.[36] In its review, the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[37] However, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[38] Further, the Court "…may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo."[39] Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[40]

In applying these standards, the Court has considered the Administrative Record, relevant legal authority, and the parties' briefs and arguments. The Court deems oral argument to be unnecessary, and finds as follows:

## ANALYSIS

In her appeal, Plaintiff argues that the ALJ erred in rejecting the opinions of Dr. Leslie Cooper, and Kimberly Sorensen, LCSW. By rejecting these opinions and/or not recontacting Dr. Cooper for additional information, Plaintiff argues the ALJ's decision at Step Five is not supported by substantial evidence. Second, Plaintiff argues that the ALJ erred by not asking the

---

[34] Zolanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2000).

[35] Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009)(internal citation omitted).

[36] Id. at 1066.

[37] Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999).

[38] Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).

[39] Lax, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).

[40] Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).

vocational expert whether her testimony was consistent with the Dictionary of Occupational Titles ("DOT").

After considering these issues and upon consideration of the record, the Court finds that Plaintiff's arguments regarding medical opinion evidence to be dispositive and for the reasons set forth below warrants remand. Therefore, because Plaintiff's other arguments may be affected by the determination on remand, the Court will not address them and will therefore limit its discussion to whether the ALJ properly addressed the opinions of Plaintiff's treating and examining medical providers.

### 1. Treating and Examining Medical Providers

In support of her claim that the Commissioner's decision should be reversed and remanded, Plaintiff argues that the ALJ erred by improperly rejecting the opinion of her treating physician, Dr. Leslie Cooper and Kimberly Sorensen, LCSW, who each completed an opinion form that described the Plaintiff's impairments. Specifically, Plaintiff argues because the ALJ did not give sufficient weight to the physical and mental limitations identified by Dr. Cooper and Ms. Sorensen, the ALJ's hypothetical question to the Vocational Expert did not relate with precision to Plaintiff's limitations. Further, Plaintiff argues that "[h]ad the ALJ…not rejected the treating physician's opinion outright but had looked at all the evidence, he would have discovered Dr. Cooper's opinion satisfies the tests for being accord[ed] controlling weight."[41] Additionally, Plaintiff argues that the ALJ erred by not recontacting Dr. Cooper to seek further development of the record; Dr. Cooper's opinion even if not deserving of "controlling weight" deserved greater weight than it was assigned; and the ALJ erred in his reasoning for rejecting the opinion of Ms. Sorensen.

---

[41] Docket no. 17 at p. 10.

On the other hand, Defendant argues the ALJ thoroughly discussed this opinion and reasonably found it was unsupported. Defendant further argues that because Dr. Hall's opinions were unsupported by the objective evidence and based mainly on Plaintiff's complaints, this was a proper basis for the ALJ to reject the opinion. Further, Defendant contends that the ALJ had no duty to re-contact Dr. Hall because the record in this case is sufficient to make a determination of disability. As to the ALJ's decision with regard to Ms. Sorensen's opinions, Defendant contends the ALJ reasonably discounted her opinions because the record only contains a questionnaire filled out by Ms. Sorensen and no records from her treatment with Plaintiff. Lastly, Defendant argues that Ms. Sorensen's opinions are contrary to other evidence contained within the Administrative Record.

Under the regulations, "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairments, including…symptoms, diagnosis, and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions."[42] In the 10th Circuit, "[t]he ALJ must give 'controlling weight' to the treating physician's opinion, provided that opinion 'is well-supported…and is not inconsistent with other substantial evidence.'"[43] Further,

> [e]ven if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 404.1527]. Those factors are: (1) the length of treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is

---

[42] 20 C.F.R. § 416.927(a)(2).

[43] White v. Barnhart, 287 F.3d 903, 907 (10th Cir. 2001)(citing 20 C.F.R. § 404.1527(d)(2)).

> a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons…for the weight assigned to a treating physician's opinion that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he [or she] must give specific, legitimate reasons for doing so.[44]

In addition, as with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.[45] However, as the regulations and policy interpretations recognize, there are times when a treating physician should be recontacted by the ALJ. "If the evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled, an ALJ is required to recontact a medical source, including a treating physician to determine if additional needed information is readily available."[46]

Lastly, "[i]n choosing to reject [a] treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion."[47]

---

[44] Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir. 2004)(internal quotations and citations omitted); see also 20 C.F.R. § 404.1527(c); Social Security Ruling ("SSR") 96-2p.

[45] See e.g., Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988).

[46] Daniell v. Astrue, 384 Fed. App'x 798, 803 (internal citations omitted); see also SSR 96-5p, 1996 WL 374183, at *6 (S.S.A. July 2, 1996)("…if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis for the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion.).

[47] Langley at 1121 (quoting McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)("holding [The 10th Circuit] held years ago that an ALJ's assertion that a family doctor naturally advocates his patient's care is not a good reason to reject his opinion as a treating physician.")

### a. Dr. Leslie Cooper

In this case, the ALJ did not specifically address each of the factors set forth in the regulations for evaluating Dr. Cooper's opinion.[48] However, the ALJ is not required to discuss each factor, as long as "the ALJ's decision [is] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight"[49] and "if the ALJ "rejects the opinion completely, he [or she] must give specific, legitimate reasons for doing so."[50] Here, the Court finds that the ALJ's reasons for rejecting Dr. Cooper's opinion are neither sufficiently clear nor legitimate and constitute the ALJ's lay opinion. In rejecting Dr. Cooper's opinion, the ALJ stated that "the objective evidence fails to indicate physical impairments that would result in such drastic limitations."[51] The ALJ then points to an x-ray and MRI that showed "only mild degenerative disc disease and facet osteoarthritis and only a grade 2 antherolisthesis at L-5-S-1."[52] Therefore, according to the ALJ, the Plaintiff can perform more work than Dr. Cooper opined.[53]

The Court finds this reasoning to be flawed. In the preceding paragraph of the ALJ's decision before discussing and rejecting Dr. Cooper's opinion, the results of a 2010 MRI which compared two other radiological studies from 2009 and 2004 is summarized by the ALJ. The ALJ's summary of the February 12, 2010 MRI is as follows:

> On February 12, 2010, an MRI was obtained of her lumbar spine and compared to radiographs from May 7, 2009 and an MRI of December 15, 2004. The images

---

[48] See 20 C.F.R. § 404.1527(d)(2).

[49] Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007)(internal quotation marks omitted).

[50] Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir. 2004)(internal quotations and citations omitted).

[51] Tr. at 27.

[52] Id.

[53] Id.

showed no acute fracture or ligamentous injury, normal body height of the vertebral bodies and normal marrow signal. There was a chronic bilateral pars defect at L5 which [sic] (grade 2) anterolisthesis of L5 on S1 and severe bilateral foraminal narrowing, which was unchanged from the prior images. She had mild degenerative disc disease and facet osteoarthritis in the remainder of the lumbar spine. (Exhibit 24F, pages 2-3). <u>It is obvious that her spinal condition was stable without objective evidence of a nerve root compression or spinal stenosis</u>.[54]

Upon review of the Administrative Record and the 2010 MRI as well as the 2009 imaging, the Court notes the following errors. First, the ALJ's opinion correctly notes that the MRI from February 12, 2010 found in addition to mild degenerative disease at L3-L4 and L-4-L5 present in 2009 that the Plaintiff had "facet osteoarthritis in the remainder of the lumbar spine."[55] However, the facet osteoarthritis was not present in the 2009 x-ray.[56]

Next, the 2010 MRI found Plaintiff had "chronic bilateral pars defect at L5 with increased, now grade 2 anterolisthesis".[57] The Imaging Result from Plaintiff's May 7, 2009 study for this portion of the spine states in relevant part that Plaintiff had "Grade 1 anterolisthesis of L5 on S1…"[58] Thus, Plaintiff's anterolisthesis increased one grade from 2009 to 2010. This was not mentioned by the ALJ. Therefore, as for the last sentence in the ALJ's summary of the Plaintiff's spinal condition, it does <u>not</u> appear that Plaintiff's spinal condition was stable because clearly her spinal condition had changed from 2009 to 2010. Therefore, the Court concludes that because the ALJ misstated the evidence in which he considered in rejecting Dr. Cooper's opinion, the ALJ failed to give sufficient explanation for rejecting this opinion.

---

[54] Tr. at 27. (emphasis added).

[55] Tr. at 615.

[56] See Tr. at 390.

[57] Tr. at 615.

[58] Tr. at 390.

In addition, the ALJ's statements that "the objective evidence fails to indicate physical impairments that would result in such drastic limitations" and "claimant can perform substantially more work than indicated by Dr. Cooper" constitutes improper lay opinion. [59]

### b. Kimberly Sorensen, LCSW

Next, although the ALJ correctly stated Ms. Sorensen was not an "acceptable medical source," the ALJ was still required to consider her opinion as an "other source" and "weigh [it] in the manner that he [or she] weighs the opinions of acceptable medical sources."[60] The regulations contemplate the use of information from "other sources," both medical and non-medical.[61] "Other medical sources" include, but are not limited to, "nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists."[62] These sources may provide "insight into the severity of the [Plaintiff's] impairment(s) and how it affects the individual's ability to function."[63] Thus, the ALJ must "explain the weight given to these opinions or otherwise ensure that the discussion of the evidence allows a claimant or subsequent reviewer 'to follow adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.'"[64]

Here, the ALJ's discussion of Ms. Sorensen's opinion contained within a medical questionnaire is not in line with these principles. Although the ALJ stated that he considered Ms. Sorensen's opinions, he then concluded that "they cannot be given much weight in reaching a decision herein, because licensed clinical social workers are not 'acceptable medical

---

[59] See Langley at 1121.

[60] Sanchez v. Astrue, No. 2:09-cv-1116-DN, 2011 WL 4591900 at *5 (D. Utah Sept. 30, 2011)(unpublished)(citing Frantz v. Astrue, 509 F.3d 1299, 1301 (10th Cir. 2007).

[61] Frantz, at 1301; see 20 C.F.R. §§ 414.1513(a), 404-1527 (a)(2); 404.1527(d).

[62] Id; see 20 C.F.R. § 404.1513(d) (emphasis added).

[63] SSR 06-03p, (Aug. 9, 2006, effective date).

[64] Sanchez, at *5 (internal quotations and citations omitted).

sources'….and 'cannot establish the existence of a medically determinable impairment.'"[65]
While it is true that other medical sources cannot establish a determinable impairment, as stated above, these opinions can however, provide "insight into the severity of the [Plaintiff's] impairment(s) and how it affects the individual's ability to function."[66]  Thus, because the ALJ's opinion is unclear as to whether he considered Ms. Sorensen's opinion for these purposes or flatly rejected them due to Ms. Sorensen's status as a social worker, the Court is not able to follow the ALJ's reasoning as to Ms. Sorensen in order to determine if the appropriate legal principles have been followed.

### c. ALJ's Duty to Recontact Dr. Cooper

Lastly, as stated above, an ALJ need only to recontact a treating source "[i]f evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled." In the instant case, Plaintiff argues the ALJ should have recontacted Dr. Cooper "if he was concerned about the source's opinion."[67]  However, the Court disagrees. The ALJ had no duty to recontact Dr. Cooper in this situation because the evidence was adequate to evaluate whether Plaintiff was disabled.  The ALJ had both Dr. Cooper's treatment notes, radiology reports and his opinion in questionnaire form.   In addition, the ALJ did not mention that he was confused or that there was a contradiction in Dr. Cooper's records.  Rather, it appears that the ALJ disagreed with Dr. Cooper's opinions.  Therefore, the ALJ did not have to recontact Dr. Cooper because there is no evidence that Dr. Cooper's opinion contained a conflict or ambiguity that must have been

---

[65] Tr. at 28.

[66] SSR 06-03p, (Aug. 9, 2006, effective date).

[67] See docket no. 17, Opening Br. at p. 11.

resolved or that Dr. Cooper's assessment did not contain all of the necessary information and/or was not based on medically acceptable clinical or laboratory diagnostic techniques.[68]

## CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiff's arguments regarding the ALJ's rejection of the Plaintiff's treating and examining physician, Dr. Cooper and Ms. Sorensen has merit and warrants remand for further proceedings as set forth herein.   Therefore, IT IS HEREBY ORDERED that the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this opinion.

DATED this 5 September 2013.

Brooke C. Wells
United States Magistrate Judge

---

[68] See 20 C.F.R. § 404.1512(e)(1) and 416.912(e)(1).